IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ANGEL SANCHEZ, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-13-2025
:
J. E. KRUGER, WARDEN, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON
DEC 04 2014
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Jose Angel Sanchez, an inmate presently confined at the Schuylkill Federal Correctional Institute, Minersville, Pennsylvania, (FCI-Schuylkill). Named as Respondent is FCI-Schuylkill Warden J. E. Kruger. Service of the petition was previously ordered.

    Petitioner states that he is presently serving a fifty-seven (57) month sentence which was imposed by the United States District Court for the Southern District of Texas on October 24, 2011. See Doc. 1, ¶ 4. His petition indicates that he was convicted of illegal reentry by a deported alien after an aggravated felony conviction.[1] Petitioner does not challenge the legality of his federal conviction and sentence.

---

[1] See Doc. 1, p. 16.

1

Rather, he asks that the Federal Bureau of Prisons (BOP) be directed to provide him with credit against his federal sentence for time spent in the custody of the Bureau of Immigration and Customs Enforcement (ICE) purportedly between October 21, 2010 to June 7, 2011 "pending prosecution." Id. at ¶ 7. Exhibits attached to the Petition show that Sanchez was arrested by Texas state officials on August 28, 2009 for failure to comply with sex offender registration. See Doc. 1, p. 14. He was convicted of that charge and was sentenced in Texas state court on August 10, 2009 to a three year term of incarceration. Petitioner was paroled from his state sentence and transferred to ICE custody on May 18, 2011.

The documents submitted by both Petitioner and Respondent further establish that ICE issued a detainer against him on October 21, 2010 and that his indictment on federal criminal charges was handed down on June 7, 2011. It is undisputed that Sanchez was previously given federal sentence credit from June 8, 2011 to the date of his federal sentencing, October 24, 2011.

Petitioner claims that his ICE custody was not civil in nature because he was detained by ICE after the agency obtained records from Texas state authorities on October 21, 2010 which established his prior deportation from this country. In light of that evidence, Sanchez concludes that it is clear that he was

no longer being held for removal proceedings but rather he was being held for the purpose of facing potential criminal prosecution for illegal reentry.

## Discussion

### Standard of Review

A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Prisoners may bring habeas corpus petitions to attack either the fact or duration of their confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). However, federal habeas corpus relief is only available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Petitioner is clearly asserting a claim which if proven would affect the duration of his length of confinement, his action is properly brought under § 2241.

Based upon undisputed documents submitted by both parties, the period following Petitioner's arrest on Texas state charges on August 28, 2009 to May 18, 2011 (the date he was paroled and transferred to ICE custody) was applied towards service of Petitioner's three year Texas state sentence. Sanchez

3

thereafter remained in ICE custody until June 7, 2011, the date of his federal indictment.

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, 18 U.S.C. § 3585, provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence.[2] § 3585(b) generally

---

[2] § 3585. Calculation of a term of imprisonment

    (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

    (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

        (1) as a result of the offense for which the sentence was imposed; or

        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

prohibits an award of double credit, in other words, a defendant may not receive credit on his federal sentence for time that has already been credited against another sentence. See Chambers v. Holland, 920 F. Supp. 618, 623 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

Respondent has demonstrated that the period from August 28, 2009 to May 18, 2011 was applied towards service of Petitioner's state sentence. Based upon the standards announced in Chambers Petitioner is not entitled to have that same period credited against service of his subsequently imposed federal sentence.

With respect to the May 19, 2011-June 7, 2011 period, generally speaking, time spent in ICE custody awaiting the outcome of removal proceedings is not time in official detention that must be credited towards service of a federal detention under § 3585(b)(1). However, not all time in ICE custody is spent pending a final determination of removability. Guante, v. Pugh, 2005 WL 3867597 (S.D. Ga.)(Nangle, J.). The remaining issue before this Court is whether Petitioner was being held for removal proceedings between May 19, 2011-June 7, 2011 or whether he was being held for criminal prosecution.

The Respondent states that "during the review of Sanchez's

---

> that has not been credited against another sentence.

sentence computation for this habeas case, the BOP determined that an award of additional credit was appropriate" from May 19, 2011 to June 7, 2011. Doc. 8, p. 4.

Since the Respondent has now afforded Petitioner with federal sentence credit for the period of May 19, 2011-June 7, 2011 the remaining portion of this matter is subject to dismissal on the basis of mootness. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 4, 2014